UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

UNITED STATES OF AMERICA,

      -against-                                      11 CR 974-08 (CM)

RUDY MENDOZA,

          Defendant.
———————————————————————x

ORDER SETTING DATE FOR "*DAVIS* VACATURE" AND RESENTENCING

McMahon, C.J.:

    Rudy Mendoza was named in a six-count superseding indictment (S2 11 Cr. 974). Count One alleged that, from at least in or about 2009, up to and including in or about November 2011, the defendant conspired or agreed with others to violate the racketeering laws of the United States, by conducting and participating, directly and indirectly, in the conduct of the affairs of an enterprise, the "Los Vagos" street gang. Count Two alleged that from at least in or about 2009 up to and including November 2011, the defendant conspired or agreed with others to violate the narcotics laws of the United States by distributing, and possessing with the intent to distribute, cocaine and/or marijuana. Count Three alleged that from at least in or about 2009, up to and including in or about November 2011, during and in relation to the racketeering conspiracy charged in Count One of the Indictment, the defendant knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which were discharged. Count Four alleged that from at least in or about August 2011, up to and including on or about September 19, 2011, the defendant conspired or agreed with others to commit robbery, specifically, to commit an armed

1

robbery of individuals believed to be in possession of 20 kilograms of cocaine. Count Five alleged that on or about September 19, 2011, the defendant, during and in relation to the robbery charged in Count Four of the Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms. Count Six alleged that from at least in or about August 2011, up to and including September 19, 2011, the defendant conspired or agreed with others to violate the narcotics laws of the United States by distributing, and possessing with the intent to distribute, more than five kilograms of cocaine.

Mendoza pleaded not guilty and proceeded to trial. After a week-long jury trial, he was convicted on all counts, except Count Three-- the firearms Count associated with the Vagos racketeering conspiracy. He was sentenced on Counts 1, 2, 4 & 6 to concurrent 240 months' terms of imprisonment, and on Count 5 to a term of 60 months' imprisonment, to run consecutive to the 240 months' sentences imposed on Counts 1, 2, 4 & 6. Mendoza is currently serving his sentence in the United States Penitentiary in Lewisburg, Pennsylvania—his projected release date is April 22, 2037.

Mendoza's case has returned to this Court on remand from the Second Circuit Court of Appeals. The Circuit Court had initially affirmed Mendoza's conviction on all counts, "relying on Circuit law precedent at the time of its decision." *See United States v. Climico*, 754 F. App'x 25, 30-31 (2d Cir. 2018) (summary order), vacated, sub nom. *Mendoza v. United States*, 140 S. Ct. 105 (2019) (mem.). However, Mendoza petitioned for a writ of certiorari, the Supreme granted the writ, vacated the Judgment, and remanded his case to the Second Circuit for further consideration in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).

On remand, the Circuit Court vacated Mendoza's judgment of conviction on the 18 U.S.C. § 924(c)(1)(A)(i) firearms charge (Count 5), but affirmed the judgment of conviction on all other counts "for the reasons stated in its original summary order, except as to sentence, which we **VACATE** and **REMAND** to allow the District Court to consider anew the appropriate sentence for Mendoza's crimes in the absence of the consecutive five-year sentence mandated for his now-vacated §924(c)(1)(A)(i) crime." *Mendoza v. United States*, 14-4304, ECF Doc. 196, Second Circuit, 2/5/2020. The Circuit explained that: "*Davis* precludes us from concluding . . . that . . . Hobbs Act robbery conspiracy . . . qualifies as a § 924(c) crime of violence. *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019)." *Id.*

Accordingly, Mr. Mendoza will be produced in court on April 7, 2020 at 2:15 p.m., for the purpose of vacating his 924(c) conviction, and resentencing him on the remaining counts of conviction.[1] The Probation Department is directed to prepare a supplemental Presentence Investigation Report by March 13, 2020. Sentencing submissions by the parties are due by April 3, 2020.

Ancillary Motions

Before the Court can proceed to sentence it must resolve two ancillary motions Mendoza has filed, *pro se*, while his appeal was pending: (1) a motion asking the Court to recuse itself, and (2) an order seeking the appointment of counsel.

Mendoza's motion for this judge to recuse herself is denied. Mendoza suggests that certain findings I made at sentence—that Mendoza committed perjury while testifying at trial

---

[1] "[D]efendants whose § 924(c) convictions are overturned by virtue of today's ruling will not even necessarily receive lighter sentences: As this Court has noted, when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted." *Davis* at 2336, quoting *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017).

3

and was deserving of a Guidelines enhancement for intimidating a witness—suggest that the Court is biased against him and could not judge him fairly in connection with future proceedings. Resolving Guidelines and other sentencing issues against a defendant is not a basis for recusal. This Court harbors no bias against Mr. Mendoza and will continue to preside over his case.

Defendant asks that he be appointed new counsel because he says that he intends to make a motion to set aside his convictions and sentence based on the ineffectiveness of his trial counsel. That motion is granted. Trial counsel is relieved and Jeremy Schneider (today's duty attorney) is assigned to assume the representation of Mr. Mendoza in connection with his resentencing.[2]

This constitutes the decision and order of the Court.

Dated: February 5, 2020

_____
Chief District Court Judge

---

[2] This assignment is confined to matters related to defendant's resentencing, and not in connection with any future motion defendant may choose to file.

4