UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-                                              11 CR 974-08 (CM)

RUDY MENDOZA,

              Defendant.
--------------------------------------------------------------X

ORDER DENYING RECUSAL MOTION AND APPOINTING NEW CJA COUNSEL

McMahon, C.J.:

The Second Circuit Court of Appeals remanded Rudy Mendoza's case to this Court for resentencing in-light-of *United States v. Davis*, 139 S. Ct. 2319 (2019). *Mendoza v. United States*, 14-4304.

Mendoza was slated for resentencing in April of 2019, however, that date was scheduled before the paralyzing effect of COVID-19 became manifest. After consulting with counsel, the resentencing was pushed off until September.

Mendoza has written a letter to the Court asking (1) the Court to recuse itself, and (2) for a new court-appointed attorney.

Mendoza's motion for this judge to recuse itself is denied. This is Mendoza's second recusal motion since his case was remanded. In his first motion, Mendoza claimed that I was biased because I made various rulings on motions and made certain findings at sentencing that were not in his favor. The Court denied that motion explaining that the rulings and findings the Court made during Mendoza's case were based on a dispassionate application of the relevant law to the facts, not on any bias against Mendoza.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/20

1

Mendoza's latest motion reiterates the same claims of bias he made in his earlier motion but goes on to suggest that the Court's bias is based on a "personal vendetta" against him, and muses that the Court "should be investigated for abuse of power" for making findings of fact in connection with his original sentencing, as well as certain rulings at trial that are now completely settled by virtue of the affirmance of Mendoza's conviction otherwise than on the *Davis* issue, such as improper joinder. Mendoza Letter, 11 CR 974-CM-8, ECF Docket #318. Mr. Mendoza's allegation that this Court has a personal bias against him is wholly untrue. He has been and will continue to be accorded the same respect and consideration as any other defendant that comes before me. There is absolutely no basis for the court to recuse simply because I have ruled against Mr. Mendoza's arguments. The motion is once again denied.

Mendoza also asks that Jeremy Schneider—the CJA attorney appointed by the court on February 5, 2020, to represent defendant at resentencing—be relieved, and that an attorney from the Federal Defenders of New York be assigned to represent Mendoza or that he be allowed to represent himself.

Mr. Schneider, a respected member of the court's CJA Panel, was appointed to represent Mendoza after Mendoza asked the court to replace his trial counsel, James Cohen. Federal Defenders of New York could not be assigned because they had represented one of Mr. Mendoza's codefendants. Mendoza complains that, when Mr. Schneider called him at the MDC to introduce himself, Schneider did not satisfactorily answer his questions about his case. Mendoza says that he was also leery about Schneider's claim about being friends with the judge, "that she is nice to him, but terrible to some defendants." *Id*.

I am granting Mr. Mendoza's motion. Messrs. Schneider and Mendoza apparently got off to a bad start. The better part of valor is to relieve Mr. Schneider now and allow Mr. Mendoza to

start fresh with a new attorney. Moreover, while I am reasonably certain that Mr. Schneider's version of his one and only conversation with Mendoza differs from Mendoza's version, I don't want to end up holding hearings about what Mr. Schneider did or did not say to Mr. Mendoza. I want to get Mr. Mendoza resentenced.

However, I do want to make one thing clear to Mr. Mendoza. This court's only relationship with Mr. Schneider is that he is a lawyer who, by virtue of his Panel membership, appears before me with some regularity. We have no other relationship; we have no social relationship; I do not know Mr. Schneider in any other context.

Accordingly, Mr. Schneider is relieved. Because I cannot grant Mr. Mendoza's request that he be represented by Federal Defenders, I appoint Louis Freeman (today's CJA duty attorney) to assume the representation of Mr. Mendoza in connection with his resentencing.[1]

Mr. Mendoza will be produced in court on September 23, 2020 at 3:00 p.m., for the purpose of vacating his 924(c) conviction, and resentencing him on the remaining counts of conviction. The Probation Department is directed to prepare a supplemental Presentence Investigation Report by August 28, 2020. Sentencing submissions by the parties are due by September 11, 2020.

This constitutes the decision and order of the Court.

Dated: July 1, 2020

_____
Chief District Court Judge

---

[1] This assignment is confined to matters related to defendant's resentencing, and not in connection with any future motion defendant may choose to file.