UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY MENDOZA,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/2021

21-CV-5649 (CM).

11-CR-0974-8 (CM)

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255

COLLEEN McMAHON, United States District Judge:

      Movant Rudy Mendoza, who is currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania, brings this *pro se* motion under 28 U.S.C. § 2255 challenging his conviction in in *United States v. Climico*, ECF 1:11-CR-0974-8, 325 (S.D.N.Y. Nov. 12, 2020). On November 4, 2013, after a jury trial, Mendoza was convicted of (1) participation in a racketeering conspiracy, (2) conspiracy to distribute and possess with intent to distribute cocaine, (3) conspiracy to commit Hobbs Act robbery, (4) use of a firearm in relation to a crime of violence, and (5) participation in a conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine. The Court sentenced Mendoza to 300 months' imprisonment. Mendoza appealed, and on October 29, 2018, the Second Circuit Court of Appeals affirmed the conviction. *United States v. Climico*, 754 F. App'x 25 (2d Cir. 2018) (summary order). But on October 7, 2019, the Supreme Court granted certiorari and remanded the case to the Second Circuit for further consideration in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). On February 5, 2020, the Second Circuit vacated Mendoza's conviction for use of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i), affirmed the other counts, vacated the sentence, and remanded the case for resentencing. *United States v. Climico*, 802 F. App'x 599 (2d Cir. 2020) (summary order); (ECF 1:11-CR-0974-8, 312). On November 12, 2020, the Court

resentenced Mendoza to 240 months' imprisonment for the racketeering conspiracy and narcotic violations. (ECF 1:11-CR-0974-8, 325.) That same day, Mendoza filed a direct appeal of the resentencing, (ECF 1:11-CR-0974-8, 327), which is still pending, *see United states v. Climico*, No. 20-4005 (2d Cir.).

Because Mendoza's direct appeal is pending, the Court denies the present § 2255 motion without prejudice as premature. The Court recognizes that it is not, strictly speaking, prohibited from adjudicating this motion while Mendoza's direct appeal is pending. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002). But it is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted). The same judicial economy concerns animate the Court's aversion to expending its already scarce resources to reach a decision that could be rendered a "nullity" by the results of Mendoza's direct appeal. *Outen*, 286 F.3d at 632. The Court therefore denies the motion without prejudice.

## CONCLUSION

The Court denies the present motion under 28 U.S.C. § 2255 without prejudice as premature.

Because the present motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to mail a copy of this order to Mendoza and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 12, 2021
New York, New York

COLLEEN McMAHON
United States District Judge