UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————————— x

UNITED STATES OF AMERICA,

    -against-

RUDY MENDOZA,

                Defendant.

———————————————————————————————— x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-17-22

11 CR 974-08 (CM)

ORDER ON DEFENDANT'S MOTION TO MODIFY SENTENCE

McMahon, J.:

Rudy Mendoza is serving a 240 months' sentence for his participation in *inter alia*
racketeering and narcotics conspiracy. His projected release date is January 6, 2030.

Before the Court is Mendoza's *pro se* motion titled MOTION TO MODIFY SENTENCE
PURSUANT TO RECENT NEW YORK STATE LEGISLATION LEGALIZING THE
RECREATIONAL USE OF MARIJUANA/CANNABIS. Mendoza claims in his motion that
two of his previous state convictions involving marijuana have recently been expunged. He
argues that resentencing is warranted because the expungement would alter the calculation of his
criminal history category under the Sentencing Guidelines, and thus result in a different
Guidelines calculation.

The Government opposes the motion arguing that: (1) Mendoza does not cite the legal
basis on which he relies for requesting resentencing; (2) he fails to provide documentation
confirming the alleged expungements; and (3) the Government's review of Mendoza's criminal

1

history suggests that possibly one conviction was expunged (but certainly not two convictions), which would not alter Mendoza's sentencing Guidelines.[1]

Although defendant does not cite what rule or provision of law he is moving under in asking the Court to modify his sentence, given the post-appeal posture of the case, his request sounds like a motion to set aside, correct or modify sentence pursuant to 28 U.S.C. § 2255. However, if the Court were to treat Mendoza's current motion as a § 2255 motion, it could well have unfortunate consequences for Mendoza if he later sought to file a § 2255 motion, because the later motion would be deemed his second and could not be filed without meeting AEDPA's leave-to-file standards for second or successive § 2255 petitions. Indeed, Mendoza states at the end of his reply to the Government's opposition that "if by any chance you find that you cannot grant my motion for whatever reason, I kindly request that you allow me the opportunity to address this same issue in my upcoming 2255 petition." Thus, it is clear Mendoza is contemplating filing a more fulsome § 2255 petition. So before this Court definitively characterizes Mendoza's present motion as requesting relief pursuant to § 2255, it will afford Mendoza the opportunity to withdraw the current application, with leave to assert the "marijuana claim," along with any and all other claims he wishes to assert, in the one and only § 2255 petition to which he is entitled by right.[2]

---

[1] The Government had also argued in response that the Court lacks jurisdiction to grant the defendant's requested relief as a result of the pending Second Circuit appeal. However, defendant's appeal has since been denied. *See United States v. Mendoza*, 20-4005 (2d Cir.), Mandate Issued 06/08/2022.

[2] Although Mendoza has already filed a § 2255 motion in this case (successfully asserting *Johnson/Davis* grounds that led to his resentencing and entry of a new judgment), a subsequent federal habeas petition (if timely and otherwise procedural sufficient) would not be a disallowed as a "second and successive" petition under AEDPA, provided it asserts grounds challenging the new amended judgment. *See Magwood*, 561 U.S. at 323, 130 S.Ct. 2788 ("Because Magwood's habeas application challenge[d] a new judgment for the first time, it [wa]s not 'second or successive' under § 2244(b).").

2

Accordingly, Mendoza has 30 days to tell the Court whether he wishes to have the Court decide the present motion pursuant to § 2255, or withdraw the present motion, with the understanding that he will be allowed to raise his "marijuana claim" in an as-yet-to-be-filed § 2255 petition. If Mendoza fails to respond within 30 days, the Court will deem the present motion as one filed pursuant to § 2255, and will decide it– leaving Mendoza to seek permission from the Second Circuit if he wishes to file his "real" habeas petition.

This constitutes the decision and order of the Court.

Dated: August 17, 2022

United States District Court Judge