UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Rudy Mendoza,

*Defendant.*

11 Cr. 974 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/2023

### Order re: Attorney-Client Privilege Waiver (Informed Consent)

WHEREAS Rudy Mendoza has moved for relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Petitioner's former trial counsel—attorneys James A. Cohen, Michael W. Martin, Giuliana Graham (graduated but not yet admitted), and Fordham Law student legal interns Justin Amirian, Kharis Belgrave, Richard Hendrix, Joseph Jacobs, Anna Makatche, and Jenna Mintzer—and Petitioner's former appellate counsel Glenn Andrew Garber (collectively, "Counsel"), will be needed in order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.,* ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim,*

Copies mailed/faxed/handed to counsel on 9/18/2023

IT IS HEREBY ORDERED that Mendoza shall execute and return to this Court within 30 days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the Court within 30 days from the date of this Order, the Court will deny the ineffective of assistance counsel claims in Mendoza's § 2255 motion listed in "Ground One" and "Ground Three," on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion; and it is further

ORDERED that, within 60 days of the Court's receipt and publishing to ECF of the executed "Attorney-Client Privilege Waiver (Informed Consent)" form from Mendoza, Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and it is further

ORDERED that, within 60 days of the Court's receipt and publishing to ECF each of the affidavits from Counsel, the Government shall respond to Mendoza's § 2255 motion; and it is further

ORDERED that the Clerk of the Court serve a copy of this Order on Mendoza and Counsel.

Dated: New York, New York
       September 18, 2023

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Rudy Mendoza,

*Defendant.*

11 Cr. 974 (CM)

## Attorney-Client Privilege Waiver (Informed Consent)

To: Rudy Mendoza

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former trial counsel—attorneys James A. Cohen, Michael W. Martin, Giuliana Graham (graduated but not yet admitted), and Fordham Law student legal interns Justin Amirian, Kharis Belgrave, Richard Hendrix, Joseph Jacobs, Anna Makatche, and Jenna Mintzer—and your former appellate counsel Glenn Andrew Garber (referred to in this form as "Counsel" or "your former attorneys"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorneys to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorneys to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorneys to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about their representation of you. However, you should also know that the Court will deny Ground One and Ground Three of your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within thirty (30) days from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former trial counsel—attorneys James A. Cohen, Michael W. Martin, Giuliana Graham (graduated but not yet admitted), and Fordham Law student legal interns Justin Amirian, Kharis Belgrave, Richard Hendrix, Joseph Jacobs, Anna Makatche, and Jenna Mintzer—and my former appellate counsel Glenn Andrew Garber, to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____

Sworn to before me this \_\_\_\_\_ day of _____, 20\_\_\_

_____
Notary Public

2
**Attorney-Client Privilege Waiver (Informed Consent)**